**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Romona Southerland,<br><br>　　　　　　　　　　　Plaintiff,<br>　　　-v-<br><br>5 Towns Drive Inc, and<br>Mohammed Lidwieh,<br><br>　　　　　　　　　　　Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Romona Southerland ("Plaintiff" or "Southerland") by Abdul Hassan Law Group, PLLC, her attorney, complaining of Defendants 5 Towns Drive Inc, and Mohammed Lidwieh (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that she was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that she is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C § 216(b).

2. Plaintiff complains pursuant to the New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week, (ii) entitled to unpaid minimum wages from Defendants for working and not being paid at least the applicable New York State minimum wage rate for each hour she worked for Defendants in a week; and (iii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulation there under - 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover her unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including sections 191, 193, 196, compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Romona Southerland ("Plaintiff" or "Southerland") is a resident of Queens County in the State of New York.

8. Upon information and belief and at all times relevant herein, 5 Towns Drive Inc ("5 Towns") was a New York for-profit corporation.

9. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Mohammed Lidwieh ("Lidwieh") who was in charge of the operations and management of 5 Towns.

10. At all times relevant herein, the corporate Defendants controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

11. Upon information and belief, Defendants 5 Towns and Lidwieh shared a place of business in Nassau County, New York at 670 Burnside Avenue, Inwood, NY 11096, where Plaintiff was employed.

12. At all times relevant herein, Defendants employed Plaintiff individually and/or jointly.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were engaged in the car dealership business. See http://www.5townsdrive.net/

14. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, owned and/or operated the 670 Burnside Avenue location and employed approximately ten or more employees.

15. Plaintiff was employed by Defendants, individually and/or jointly from in or around April 2015 to December 2015 then from in or around July 2016 to on or about November 30, 2016.

16. At all times relevant herein, Plaintiff was employed by Defendants as an office assistant performing a variety of functions for Defendants including handling paperwork, answering phones etc.

17. At all times relevant herein, Plaintiff was a full-time, hourly employee of Defendants and was paid at a regular rate of about $8.75- $10.75 an hour and Plaintiff was not paid *any* wages for her overtime hours worked (hours over 40 in a week).

18. At all times relevant herein, Plaintiff worked 50 or more hours each week for Defendants, 6 days a week, throughout the period of her employment with Defendants.

19. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage, time and employment records Defendants were required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Accurate

copies of Plaintiff's wage and time records that Defendants were required to keep are incorporated herein by reference.

20. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of one and one half times her regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

21. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff at least the applicable New York State minimum wage rate for each hour worked in a week.

22. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

23. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3).

24. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

25. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

26. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of auto parts and accessories. Defendants purchased autos and accessories from states such as a Pennsylvania.

27. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

28. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

29. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

30. At all times applicable herein and upon information and belief, defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

31. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

32. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies.

33. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

34. The "·present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

35. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if set forth fully and at length herein.

36. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA - 29 U.S.C 201 et Seq.

37. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendants constituted an

5

enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207(a).

38. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues/business volume and/or expenditures in excess of $500,000.00 annually.

39. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

40. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, her unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)**

41. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if set forth fully and at length herein.

42. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

43. At all times relevant herein, Defendants, individually and/or jointly, failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

**Relief Demanded**

44. Due to Defendants' NYLL overtime violations, Plaintiff is entitled to recover from Defendants, her unpaid overtime wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663.

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195, 196 and 198)

45. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 44 above with the same force and effect as if fully set forth at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, 196 and 198 and the applicable regulations thereunder.

47. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193, 196 and 198 by failing to pay Plaintiff her wages, including her unpaid overtime wages, and wage deductions, as required under NY Labor Law § 190 et seq.

48. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff, with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

49. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

50. Due to Defendants' New York Labor Law Article 6 violations including violation of sections

191, 193, 196 and 198, Plaintiff is entitled to recover from Defendants, her entire unpaid wages, including her unpaid overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

51. Declare Defendants, individually and/or jointly (including their overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law - 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL §§ 191, 193, 196 and 198.

52. As to the **First Cause of Action,** award Plaintiff her unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

53. As to the **Second Cause of Action,** award Plaintiff her unpaid overtime compensation due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

54. As to the **Third Cause of Action**, award Plaintiff her entire unpaid wages, including her unpaid overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

55. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

56. Award Plaintiff further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
   **January 21, 2017**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*